IN THE UNITED STATES MAGISTRATE COURT

FOR THE DISTRICT OF NEW MEXICO

JEANETTE DRIEVER,

    Plaintiff,

v.                                                             No. 1:23-cv-00319-JFR

DAVID P. REEB, JR.,[1]

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**
**AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Complaint, Doc. 1, filed April 12, 2023, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 12, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] Plaintiff indicates in her Application to proceed *in forma pauperis* that the Defendant in this case is Jody Carey, who is the opposing party in the state-court case that Plaintiff seeks to stay. *See* Doc. 2, at 1; Complaint at 2.  David P. Reeb, Jr. is the judge that is presiding over the state-court proceeding. *See* Complaint at 1, 5.

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,730.00; (ii) Plaintiff's monthly expenses total $1,545.00; (iii) Plaintiff has $0.00 in cash and in bank accounts; and (iv) Plaintiff has three grandchildren who rely on her for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating he is unable to pay the costs of this proceeding, her monthly expenses are approximately the same as her monthly income, and three grandchildren rely on her for support.

**The Complaint and Motion for Ex Parte Emergency Stay**

Plaintiff, who is Native American and is the grandmother of three Native American children, "is under an order by a County Judge" in a guardianship case in state court. Complaint at 2, 5. Plaintiff alleges that Defendant, who is the judge presiding over the guardianship proceeding, has a conflict of interest. *See* Complaint at 2. Plaintiff states the "emotional and financial needs of the children have been lovingly met by the Plaintiff and her partner" and the "children should not be removed from the comfort of their home, the people they know, and their

schools." Complaint at 3.  The only relief Plaintiff seeks is "an Emergency stay of the order issued by the County Judge in Clovis County, for 10 days, until a hearing can be held to extend injunctive relief."  Complaint at 3.  Plaintiff states this Court has jurisdiction pursuant 28 U.S.C. § 1331 (federal question) and the Indian Child Welfare Act, 25 U.S.C. §§ 1991(a) and 1914.  *See* Complaint at 1.

    It appears that the Court is barred from granting the relief Plaintiff seeks:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  Plaintiff has not alleged facts showing that any of the exceptions to Section 2283 apply to this case.

    In addition, the Complaint does not allege specific facts showing that the Court may issue a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Plaintiff has not alleged specific facts that clearly show that immediate and irreparable injury will result to Plaintiff before Defendant can be heard in opposition.

    Finally, it appears that this case is barred by the *Younger* abstention doctrine which "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court."  *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  In determining whether *Younger* abstention is appropriate, the Court considers whether:

3

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).  The Complaint shows that there is an ongoing state civil proceeding to hear Plaintiff's claims regarding the guardianship of her grandchildren which is an important state interest.  Although Plaintiff alleges that the Defendant judge has a conflict of interest, Plaintiff has not shown that the alleged conflict of interest issue cannot be adequately addressed in state court.

The Court orders Plaintiff to show cause why the Court should not dismiss this case: (i) as barred by the statute prohibiting United States District Courts from granting injunctions to stay proceedings in a State court; (ii) because the Complaint does not comply with the Federal Rule of Civil Procedure governing the issuance of temporary restraining orders; and (iii) as barred by the *Younger* abstention doctrine.  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint which alleges specific facts supporting her assertion.

**Motion for Appointment of Counsel**

The Complaint contains a motion for appointment of counsel.  *See* Complaint at 3.  "[C]ivil litigants have no right to counsel."  *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012).  The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1).

4

Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.

Plaintiff states: "The district courts have held indigent Indians are entitled to counsel to effectively represent their interest. Please see, *Doe v. Mann*, 285 F.Supp.2d 1299 (N.D. Cal. 2003)." Complaint at 3. The federal district court case Plaintiff refers to states:

> Generally, there is no constitutional right to effective counsel for indigent parties who are represented by court-appointed attorneys in civil cases. *Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir. 1985). Here, however, Congress has specifically mandated a right to counsel for indigent Indians. In light of Congress's concern that state judicial bodies have "failed to recognize the essential tribal relations of Indian people and the cultural and social standards prevailing in Indian communities and families," 25 U.S.C. § 1901(5), the right to counsel must mean more than just the presence of a warm body. If the right is "construed liberally in favor of the Indians" and ambiguities are "interpreted to the Indians' benefit," *Native Village of Venetie,* 944 F.2d at 553, indigent Indians such as Doe are entitled to counsel who can effectively represent their interests.

*Mann*, 285 F.Supp.2d at 1239-40. The statute quoted in *Mann* sets forth Congressional findings but does not mandate a right to counsel for indigent Indians. The *Mann* court may have been referring to the following statute:

> In any case in which the court determines indigency, the parent or Indian custodian shall have the right to court-appointed counsel in any removal, placement, or termination proceeding. The court may, in its discretion, appoint counsel for the child upon a finding that such appointment is in the best interest of the child. Where State law makes no provision for appointment of counsel in such proceedings, the court shall promptly notify the Secretary upon appointment of counsel, and the Secretary, upon certification of the presiding judge, shall pay reasonable fees and expenses out of funds which may be appropriated pursuant to section 13 of this title.

25 U.S.C. § 1912(b) (other provisions of Section 1912 held unconstitutional, *see Brackeen v. Haaland*, 994 F.3d 249 (5th Cir. 2021)).

The Court denies Plaintiff's motion to appoint counsel because this case in this Court is not a removal, placement, or termination proceeding pursuant to the Indian Child Welfare Act. The case before the Court seeks only to stay the state-court proceedings. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 12, 2023, is **GRANTED.**

(ii) Plaintiff's Motion for Appointment of Counsel is **DENIED.**

(iii) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**