## IN THE UNITED STATES MAGISTRATE COURT

## FOR THE DISTRICT OF NEW MEXICO

JEANETTE DRIEVER,

      Plaintiff,

v.                                        No. 1:23-cv-00319-MIS-JFR

DAVID P. REEB, JR. and
JODY CAREY,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This case arises from a child custody proceeding in state court. Plaintiff, who is proceeding *pro se*, is Native American and is the grandmother of three Native American children. *See* Complaint at 2, Doc. 1, filed April 12, 2023. On November 17, 2022, Defendant Reeb, who is the state-court judge presiding over the child custody proceeding, entered an order appointing Plaintiff and Defendant Carey kinship guardians of the children. *See* Second Order to Show Cause at 3, filed April 26, 2023. Defendant Carey is also a grandmother of the children. On April 6, 2023, Defendant Carey, who was represented by counsel, filed a motion seeking temporary sole custody of the children. *See* Second Order to Show Cause at 3. On April 7, 2023, Defendant Reeb granted Defendant Carey's motion for an *ex parte* custody order after finding that "an emergency situation exists" and Plaintiff's "actions on April 2, 2023, creates a risk of immediate harm to the children." Second Order to Show Cause at 3-4. Defendant Reeb awarded sole custody of the children to Defendant Carey "on a temporary basis, without notice to [Plaintiff], and for a time not to exceed ten (10) days from the date of this Order." Second Order to Show Cause at 4. On April 10, 2023, Plaintiff, who was represented by counsel in the state-court proceeding, filed a response to

Defendant Carey's motion and an emergency counter-motion to quash the *ex parte* order.  *See* Second Order to Show Cause at 4.

Plaintiff asked this Court for a declaratory judgment invalidating the removal order, immediate return of the three children to Plaintiff's home, and monetary damages. *See* Amended Complaint at 5, Doc. 6, filed April 14, 2023.  Plaintiff stated the Indian Child Welfare Act, 25 U.S.C. § 1914, "gives this Court jurisdiction to review the state court proceedings when Indian children are removed from the custody of their Indian custodian.  The Court may invalidate such action upon showing that the Defendants violated Sections 1911, 1912, or 191[3], which they did." Amended Complaint at 3.

Section 1914 provides:

> Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

25 U.S.C. § 1914.  Plaintiff alleges Defendants violated Section 1912(a) by not providing the required 10-day notice prior to the emergency custody proceedings.  *See* Amended Complaint at 3.  Section 1912 provides in relevant part:

> In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention .... No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian....

25 U.S.C. § 1912(a).  Section 1911, which relates to Indian tribe jurisdiction over Indian child custody proceedings, and Section 1913, which relates to parental rights and voluntary termination,

do not appear relevant to this case because there are no factual allegations that Defendants violated

Section 1911 or Section 1913.

> United States Magistrate Judge John F. Robbenhaar notified Plaintiff that:
>
> Plaintiff has not shown that the Court has jurisdiction over this matter pursuant to
> 25 U.S.C. § 1914.   Plaintiff alleges that Defendants violated Section 1912(a)
> because they did not provide her with a "10-day notice prior to the emergency
> custody proceedings involving Indian children." Amended Complaint at 3.  Section
> 1912(a) prohibits foster care placement proceedings until at least ten days after
> receipt of notice by the Indian custodian.  The purpose of the Indian Child Welfare
> Act is to "protect the best interests of Indian children and to promote the stability
> and security of Indian tribes and families by the establishment of minimum Federal
> standards for the removal of Indian children from their families and the placement
> of such children in foster or adoptive homes...."  25 U.S.C. § 1902.  Defendant
> Carey, who has been appointed the children's kinship guardian together with
> Plaintiff, sought, and Defendant Reeb granted, *temporary* sole custody of the
> children to Defendant Carey based on the risk of immediate harm to the children.
> Plaintiff has not shown that the 10-day notification period in Section 1912(a) for
> foster care placement proceedings applies to temporary custody appointments
> based on emergency situations where there is a risk of immediate harm to children.
> The Indian Child Welfare Act's stated purpose of protecting the best interests of
> Indian children suggests the 10-day notification does not apply in such
> circumstances.

Second Order to Show Cause at 4-5.  Judge Robbenhaar ordered Plaintiff to show cause why the

Court should not dismiss this case for lack of subject-matter jurisdiction and to file a second

amended complaint that alleges facts supporting jurisdiction.  *See* Second Order to Show Cause 5-

6 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result

in dismissal of this case").  Plaintiff did not show cause why the Court should not dismiss this case

for lack of jurisdiction or file an amended complaint by the May 17, 2023, deadline.

The Court concludes it does not have jurisdiction over this case because: (i) the Amended

Complaint does not contain allegations to support federal question jurisdiction; (ii) Plaintiff did

not show cause why the Court should not dismiss this case for lack of jurisdiction; and (iii) Plaintiff

did not file a second amended complaint or otherwise respond to Judge Robbenhaar's Second

Order to Show Cause. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE